Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ABNER MENENDEZ and ERIK VALDEZ MEJIA, individually and on behalf of all others similarly situated,

                                        Plaintiffs,

     -against-

VINCENT CONTRACTING & DISMANTLING SERVICE INC, and VINCENT MOREA, as an individual,

                                        Defendants.
-------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiff, **ABNER MENENDEZ, and ERIK VALDEZ MEJIA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, through undersigned counsel, bring this action against **VINCENT CONTRACTING & DISMANTLING SERVICE INC and VINCENT MOREA, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants at located at 2475 Charles Court, Bellmore, NY, 11710.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ABNER MENENDEZ residing in Wantagh, NY 11793 was employed by Defendant VINCENT CONTRACTING & DISMANTLING SERVICE, INC. from in or around March 2016 until in or around October 2021.

9. Plaintiff ERIK VALDEZ MEJIA residing in Wyandanch, NY 11798 was employed by Defendant VINCENT CONTRACTING & DISMANTLING SERVICE, INC., from in or around October 2018 until in or around October 2019.

10. Defendant, VINCENT CONTRACTING & DISMANTLING SERVICE, INC., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 2475 CHARLES COURT, BELLMORE, NY 11710.

11. Upon information and belief, Defendant VINCENT CONTRACTING & DISMANTLING SERVICE, INC., is a corporation duly authorized to do business under the laws of the State of New York.

12. Upon information and belief, Defendant VINCENT MOREA is the owner of Defendant VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

13. Upon information and belief, Defendant VINCENT MOREA is an agent of Defendant VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

14. Upon information and belief, Defendant VINCENT MOREA is responsible for overseeing all daily operations at VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

15. Upon information and belief, VINCENT MOREA has power and authority over all the final personnel decisions at VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

16. Upon information and belief, VINCENT MOREA has the power and authority over all final payroll decisions at VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

17. Upon information and belief, VINCENT MOREA has the exclusive final power to hire the employees at VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

18. Upon information and belief, VINCENT MOREA has exclusive final power over the firing and terminating of the employees at VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

19. Upon information and belief, VINCENT MOREA is responsible for determining, establishing, and paying the wages of all employees, setting their work schedules, and maintaining all their employment records at VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

20. Accordingly, at all relevant times hereto, Defendant VINCENT MOREA was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

21. On information and belief, VINCENT CONTRACTING & DISMANTLING SERVICE, INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
### ABNER MENENDEZ

22. Plaintiff ABNER MENENDEZ was employed by Defendants at VINCENT CONTRACTING & DISMANTLING SERVICE, INC. from in or around March 2016 until in or around October 2021.

23. During Plaintiff ABNER MENENDEZ'S employment by Defendants at VINCENT CONTRACTING & DISMANTLING SERVICE, INC., Plaintiff's primary duties were as a demolition worker and performing other miscellaneous duties.

24. Plaintiff ABNER MENENDEZ regularly worked five (5) days per week, Monday through Friday.

25. Plaintiff ABNER MENENDEZ regularly worked a schedule of shifts beginning at 6:30 a.m. each workday, and Plaintiff regularly ended approximately 5:00 p.m., or later.

26. Thus, Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours, or more hours, each week during his employment at VINCENT CONTRACTING & DISMANTLING SERVICE, INC.

27. Plaintiff ABNER MENENDEZ was paid by Defendants approximately $800.00 per week from in or around March 2016 to in or around October 2021.

28. Although Plaintiff regularly worked approximately fifty-two-and-a-half (52.5) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### ERIK VALDEZ MEJIA

29. Plaintiff ERIK VALDEZ MEJIA was employed by Defendants at VINCENT CONTRACTING & DISMANTLING SERVICE, INC. from in or around October 2018 until in or around October 2019.

30. During Plaintiff ABNER MENENDEZ'S employment by Defendants at VINCENT CONTRACTING & DISMANTLING SERVICE, INC., Plaintiff's primary duties were as a demolition worker, cleaner and performing other miscellaneous duties.

31. Plaintiff ERIK VALDEZ regularly worked five (5) days per week, Monday through Friday.

32. Plaintiff ERIK VALDEZ MEJIA regularly worked a schedule of shifts beginning at 6:30 a.m. each workday, and Plaintiff regularly ended approximately 5:00 p.m., or later.

33. Thus, Plaintiff was regularly required to work fifty-two-and-a-half (52.5) hours, or more hours, each week during his employment by the Corporate Defendants.

34. Plaintiff ERIK VALDEZ MEJIA was paid by Defendants:
    i. approximately $130.00 per day from in or around October 2018 to in or around November 2018;
    ii. approximately $150.00 per day from in or around December 2018 until in or around October 2019.

35. Although Plaintiff regularly worked approximately fifty-two-and-a-half (52.5) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**FACTUAL ALLEGATIONS FOR ALL PLAINTIFFS**

36. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

37. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

38. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

40. Collective Class: All persons who are or have been employed by the Defendants as demolition workers, cleaners or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

41. Upon information and belief, Defendants employed 15 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

42. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

43. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

44. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

45. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.

46. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

47. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

48. The claims of Plaintiffs are typical of the claims of the whole putative class.
49. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

51. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.
52. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
53. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.
54. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
55. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
56. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.
57. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

58. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

59. At all times relevant to this action, Plaintiffs was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

60. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

61. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

62. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

64. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

65. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).
67. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiffs' prejudgment and post-judgment interest;
e. Awarding Plaintiffs' the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs' hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:  December 28, 2021
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABNER MENENDEZ and ERIK VALDEZ MEJIA, individually and on behalf of all others similarly situated,

                              Plaintiffs,

     -against-

VINCENT CONTRACTING & DISMANTLING SERVICE INC, and VINCENT MOREA, as an individual,

                              Defendants.

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

### HELEN F. DALTON & ASSOCIATES, P.C.

*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To: service via mailing;

**VINCENT CONTRACTING & DISMANTLING SERVICE INC**
2475 Charles Court
Bellmore, NY, 11710

P.O. Box 706
N. Bellmore, NY 11710

**VINCENT MOREA**
1535 Queen St
Bellmore, NY 11710

2475 Charles Court
Bellmore, NY, 11710