

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

November 14, 2022

**Via ECF**
The Honorable District Judge Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Menendez, et al. v. Vincent Contracting & Dismantling Service Inc., et al.**
   **21-CV-7133 (JMA)(LGD)**

Dear Judge Azrack:

      Our office represents Abner Menendez and Erik Valdez Mejia (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Vincent Contracting & Dismantling Service Inc. and Vincent Morea (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation with all parties present on September 22, 2022.

      The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

### I. The Monetary Terms of the Settlement Agreement are Fair and Reasonable

**a. The Settlement Amount**

      The parties agreed to resolve this matter for the amount of $75,000.00 payable to the Plaintiffs, inclusive of attorneys' fees, which are addressed below.

### b. Plaintiffs' Position

Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"), alleging that they were not paid proper overtime wages when required to work in excess of forty (40) hours per week.

Plaintiffs alleged that they were employed as demolition workers for Vincent Contracting & Dismantling Service Inc., located at 2475 Charles Court, Bellmore, NY, 11710. Plaintiff Menendez alleged that he was employed for approximately five-and-a-half years and Plaintiff Mejia alleged that he was employed for approximately one year. Both Plaintiffs alleged that they were regularly required to work up to fifty-two-and-a-half (52.5) hours per week. Although Plaintiffs alleged that they worked in excess of 40 hours per week, they claimed that they were compensated either by a flat weekly rate or by a flat daily rate, neither of which was properly adjusted when they worked in excess of 40 hours per week. Plaintiffs also claimed entitlement to statutory penalties under NYLL 195, alleging that they did not receive proper wage notices and wage statements in connection with their employment by Defendants.

Plaintiffs alleged approximately $130,000.00 in unpaid wages. In advance of the parties' mediation, Defendants' counsel provided approximately 500 pages of relevant records, which our office reviewed in advance of the mediation. Based on our review of the records, the sharp factual disputes particularly regarding the number of hours worked by Plaintiffs, and the negotiations held through the Court-certified mediator, Plaintiffs agreed to the settlement of $75,000.00. Plaintiffs' preference was for a guaranteed payment in the near future rather than the risks and costs associated with continued litigation and a trial at a much later date. As such, Plaintiffs believe that the settlement amount is fair and reasonable based on their claims, potential recovery, Defendants' records, and the risks inherent in continued litigation.

### c. Defendants' Position

Defendants dispute Plaintiffs' claims, including the number of years, weeks and hours that Plaintiffs allege they worked, and the amount of damages that they allege they are owed. Generally, because the work performed by Defendants is hard labor, the Plaintiffs' work day did not exceed seven-and-a-half (7.5) hours, which included a total of forty-five minutes for paid coffee and lunch breaks each day. Thus, Plaintiffs typically worked no more than 33.75 hours per week, and almost never worked any overtime. Defendants contend that they paid Plaintiffs in excess of the amounts that they claim as unpaid overtime throughout their employment. Defendants also assert that they have weekly timesheets and payroll records supporting their position. Defendants' records establish neither Plaintiff worked anything close to the number of overtime hours that they allege in their Complaint. Finally, Defendants dispute that they have violated the FLSA or the NYLL, as alleged in the Complaint.

Defendants believe that the settlement is fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including motion practice, trial, and counsels' fees, which would be significant if the case were to go to trial. Additionally, the Defendants have considered the fee shifting nature of the FLSA for attorneys' fees if Plaintiffs were to prevail, which could result in a large fee award, even if damages were minimal.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $75,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted and the fact that the terms of the Settlement Agreement was achieved through the Court-annexed mediation program and a highly-qualified wage-and-hour neutral from the Court's mediation panel. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, number of hours worked by Plaintiffs and the amount of pay received by Plaintiffs, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. As such, the settlement amount represents a fair resolution over the outstanding factual disputes that would not have likely been resolved until the time of trial. Moreover, the settlement amount allows Plaintiffs to recover a substantial portion of their alleged unpaid wages – a figure strongly disputed by Defendants.

### II.   **The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 2 of the Settlement Agreement ("Release") is appropriately-limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*. Paragraph 5 of the Settlement Agreement, pursuant to which the parties mutually agree not to disparage each other, does not overreach. The provision expressly states, "Nothing in this Agreement shall be construed to keep the terms and conditions of this Agreement confidential." Also, Paragraph 5 of the Settlement Agreement contains the required carve-out for truthful statements about Plaintiffs' experiences litigating their case, and was crafted to comport with that limitation on permissible non-disparagement agreements, while satisfying the needs of the parties to bring finality to their dispute. *See Zelidon v. Staubitz Meat Market, Inc.*, No. 21 CV 476 (EK) (LB), 2021 WL 4942950, at *4 (E.D.N.Y Sept. 14, 2021), *adopted by* No. 21 CV 476 (EK) (LB), 2021 WL 4942800, at *3 (E.D.N.Y Oct. 21, 2021); *Alvarez v. Delicias Tropical Restaurant Inc.*, No. 20 CV 3224 (LDH) (LB), 2021 WL 7185501, at *3 (E.D.N.Y May 5, 2021).

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.   Distribution to the Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to the Plaintiffs

The parties agreed to a global settlement of $75,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $49,168.00, after requested attorneys' fees and reimbursement of expenses. Each Plaintiff will receive an amount based on their individual calculations, accounting for the dates of their employment, hours worked, pay received as well as our analysis of the strengths and weaknesses of each Plaintiff's claim based on the information and documentation provided. Those amounts are identified in Paragraph 1 of the Settlement Agreement.

#### b. Plaintiffs' Counsel's Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $1,248.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on Defendants: $296.00
- the cost of Court-annexed mediation: $550.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($73,752.00), or $24,584.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $25,832.00.

As such, the settlement funds as broken down into component parts is as follows:

**Settlement Amount:** $75,000.00
**Attorneys' Expenses:** $1,248.00
**Net Settlement Amount:** $73,752.00 ($75,000.00 - $1,248.00)

**Requested Attorneys' Fees:** $24,584.00 ($73,752.00 / 3)
**Total payable to Attorneys:** $25,832.00 ($24,584.00 + $1,248.00)
**Total payable to Plaintiff:** $49,168.00 ($75,000.00 - $25,832.00)

Our office and the Plaintiffs have retainer agreements that are reduced to writing and are signed by the Plaintiffs. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV.     Closing

In closing, the parties believe that the settlement amount and the terms of the Settlement Agreement are fair and reasonable. The settlement was the product of good faith negotiations between experienced and competent counsel through the Court-annexed mediation program and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.